UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-23439-CIV-MORENO**

CHANEL INC., a New York corporation and
LOUIS VUITTON MALLETIER, S.A., a foreign
business entity,

    Plaintiffs,

vs.

DROR KRISPIN and ANTONIO DONANI,
individually and jointly, d/b/a
SOFIASREPLICA.COM,
7STARHANDBAGS.COM, AMATORY.BIZ,
AMATORYWATCHES.COM,
BASICREPLICA.COM,
COPYHANDBAGS.COM,
DOCTORREPLICA.COM,
GRANDJEWELLERY.COM,
MYSILVERCITY.COM, MYSILVERCITY.NET,
REPLICASUNGLASSES.NET,
REPLICAWATCHCITY.COM,
EREPLICA.NET, REPLICADREAM.NET,
TIMEREPLICA.NET, MARSELE.COM,
DREAMJEWELRY.NET, and DOES 1-10,

    Defendants.
_____/

## **AMENDED DEFAULT FINAL JUDGMENT**

    THIS CAUSE came before the Court upon Plaintiffs' Memorandum in Support of Request for Damages and Permanent Injunctive Relief **(D.E. No. 9)**, filed on **February 5, 2009**.

    THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendants for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiffs. Counsel for

Plaintiffs filed an Affidavit with the Court as to the amount due from Defendants. Accordingly, it is

**ADJUDGED** that a permanent injunction is entered against Defendants as set forth in a separate Order of this Court. It is also

**ADJUDGED** that Plaintiffs shall recover from Defendants as follows:

I.  *Statutory Damages*: 15 U.S.C. § 1117(c) provides a range for statutory damages of not less than $1000 or more than $200,000 per counterfeit mark. If the Court finds the use of the counterfeit mark was willful, the Court may award not more than $2,000,000 per counterfeit mark. Treble damages are appropriate where there is a finding of willfulness. 15 U.S.C. § 1117(b).

>   A.  Plaintiff Chanel is alleging Defendants sold 10 products that violated 15 of its trademarks. Chanel requests the baseline statutory damages award of $1000 per mark, trebled for willfulness and then doubled for purpose of deterrence. That would mean $6000 per mark multiplied by 15 marks, which totals $900,000 in statutory damages. The Court has the discretion to make this award.
>
>   B.  Plaintiff Louis Vuitton employs the same analysis as above. Because Louis Vuitton is claiming more trademark violations (22 federal trademarks), its damages are $1,320,000.

Accordingly, the Court awards Chanel $900,000 in statutory damages and Louis Vuitton $1,320,000. For which sums let execution issue.

II. *Attorneys' Fees*: Where the Court has found willfulness, it is appropriate to award reasonable attorney's fees. 15 U.S.C. § 1117(b). Plaintiffs, here, ask for $6000 for 17 hours of work.

That is $350 an hour. The Court finds this amount reasonable and awards Plaintiffs $6000 in attorneys' fees. For which sum let execution issue.

    III.  *Investigative Fees and Costs* : The Court declines to award investigative fees but does award costs totaling $700. For which sum let execution issue.

Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2009.

                                                            FEDERICO A. MORENO
                                                            UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record