**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 08-23439-CIV-MORENO/TORRES

CHANEL, INC., and
LOUIS VUITTON MALLETIER, S.A.,

    Plaintiffs,

vs.

DROR KRISPIN and ANTONIO DONANI,
individually and jointly, d/b/a
SOFIASREPLICA.COM,
7STARHANDBAGS.COM, AMATORY.BIZ,
AMATORYWATCHES.COM,
BASICREPLICA.COM,
COPYHANDBAGS.COM,
DOCTORREPLICA.COM,
GRANDJEWELLERY.COM,
MYSILVERCITY.COM,
MYSILVERCITY.NET,
REPLICASUNGLASSES.NET,
REPLICAWATCHCITY.COM,
EREPLICA.NET, REPLICADREAM.NET,
TIMEREPLICA.NET, MARSELE.COM,
DREAMJEWELRY.NET, and DOES 1-10,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION TO HOLD DEFENDANTS IN CIVIL CONTEMPT**

    This matter is before the Court upon Plaintiffs' Motion for Order to Show Cause why Defendants Dror Krispin and Antonio Donani should not be held in civil contempt [D.E. 12] for violating the Permanent Injunction issued in this case on March 31, 2009

by the Honorable Federico A. Moreno [D.E. 10].[1] The Permanent Injunction prohibited Defendants Krispin and Donani from counterfeiting or infringing any of Plaintiffs' trademarks, using the Plaintiffs' marks in commerce in connection with the sale of Defendants' goods, and from committing further acts of infringement and unfair competition against Plaintiffs. For the reasons that follow, the Defendants should be held in civil contempt and specific remedial relief should be entered requiring the transfer of domain sites to Plaintiffs' control.

## I. BACKGROUND AND FINDINGS OF FACT

Plaintiffs' Motion argued that these Defendants had ignored the Permanent Injunction and refused to cease their unlawful activities. Plaintiffs also alleged that Defendants have affirmatively obstructed Plaintiffs' attempts to enforce the Permanent Injunction by finding web hosting companies that would refuse to cooperate with Plaintiffs in enforcing the terms of the Permanent Injunction. Accordingly, Plaintiffs sought an order requiring Defendants to show cause why they should not be held in civil contempt for violating this Court's Permanent Injunction and why, at a minimum, the Subject Domain names identified in the Permanent Injunction should not be transferred to Plaintiffs to preclude further violations of the Permanent Injunction.

On May 21, 2009, following referral of the motion, the Court granted Plaintiffs Motion and issued an Order [D.E. 16] directing Defendants Dror Krispin and Antonio Donani to show cause why Plaintiffs' request that they be held in civil contempt for violating the Permanent Injunction should not be granted, and further ordered

---

[1] The Honorable Federico A. Moreno referred this matter to the undersigned Magistrate Judge for Report and Recommendation. [D.E. 15].

Defendants to show cause why, at a minimum, they should not be ordered to transfer the Subject Domain Names identified in the Permanent Injunction to Plaintiffs. A hearing was scheduled for that purpose on June 4, 2009, at 10:00 a.m. [D.E. 16].

On May 22, 2009, the Court issued an order re-setting the Show Cause hearing to be held on June 9, 2009 at 10:00 a.m. [D.E. 19], at which Defendants were ordered to be present. The Court specifically ordered that the Court's order and notice of hearing be served upon Defendants. The Court also ordered the Defendants to file a written response by May 29, 2009. A notice of compliance with that Order was filed on May 22, 2009, certifying service of the Court's order upon the Defendants.

The Court convened the hearing on June 9, 2009, at which only counsel for Defendants were present and available to present evidence supporting the motion. By that point, no written response had been filed in response to the motion, nor did Defendants or their counsel appear at the hearing on their behalf.

Since the date of the hearing, no response whatsoever has been received from the Defendants to explain why they failed to comply with this Court's Order requiring their personal appearance at the hearing, nor as to why the original motion for civil contempt should not be granted.

The Court further certifies that the following record facts support the entry of a civil contempt Order in response to the pending motion. On December 12, 2008, Plaintiffs jointly filed a lawsuit against Defendants Dror Krispin and Antonio Donani, individually and jointly, d/b/a sofiasreplica.com, 7starhandbags.com, amatory.biz, amatorywatches.com, basicreplica.com, copyhandbags.com, doctorreplica.com, grandjewellery.com, mysilvercity.com, mysilvercity.net, replicasunglasses.net,

replicawatchcity.com, ereplica.net, replicadream.net, timereplica.net, marsele.com, dreamjewelry.net, alleging Federal Trademark Counterfeiting and Infringement (Count I) and False Designation of Origin (Count II). [D.E. 1].

On January 26, 2009, the Court entered a Final Default Judgment in favor of Plaintiffs and against each Defendant on all Counts of the Complaint. [D.E. 8]. On March 31, 2009, the Court entered an Amended Default Final Judgment awarding monetary damages [D.E. 11], and issued a Permanent Injunction prohibiting Defendant Krispin and Defendant Donani from counterfeiting or infringing any of Plaintiffs trademarks, using the Plaintiffs' Marks in commerce in connection with the sale of Defendants' goods, and from committing further acts of infringement and unfair competition against the Plaintiffs.

The uncontroverted record in the case shows that Defendants have willfully ignored the requirements of the Court's Permanent Injunction and refused to cease their unlawful activities.  The Defendants have continued to unlawfully use counterfeits of the Chanel Marks and the Louis Vuitton Marks in commerce to promote a wide variety of goods via the same Internet websites operating under the same domain names in violation of the Permanent Injunction. The domain names at issue are sofiasreplica.com, 7starhandbags.com, amatorywatches.com, basicreplica.com, copyhandbags.com, doctorreplica.com, grandjewellery.com, mysilvercity.net, replicasunglasses.net, replicawatchcity.com, ereplica.net, replicadream.net, timereplica.net, marsele.com, dreamjewelry.net. West Decl. ¶ 20; Oka Decl. ¶¶ 6-9; Livadkin Decl. ¶¶ 4-6; Motion Exh. E.

The Defendants are also continuing to use Plaintiffs' respective names and trademarks in commerce in order to divert traffic to their websites. The Defendants continued use is occurring both directly on the products advertised for sale on the websites at issue and indirectly within the websites' hidden "meta tags" used to increase internet search engine traffic. Motion Exh. E.

Moreover, the Defendants have exacerbated their failure to comply by affirmatively obstructing Plaintiffs' attempts to enforce the Permanent Injunction. Upon entry of the Court's Order, Plaintiffs' counsel began communicating with the various web hosting companies providing content services to the Defendants with the respect to the Subject Domain Names identified in the Permanent Injunction. Plaintiffs' counsel provided each company with a copy of the Amended Default Final Judgment and the Permanent Injunction in this case, and requested each company stop providing any web hosting services to the Defendants in connection with the Subject Domain Names. Decl. of West ¶¶ 6-18. In each instance where Plaintiffs have found a cooperative web hosting company which enforced the Permanent Injunction and took down a subject website, Defendants immediately changed web hosting companies until finally finding a web hosting company which would be uncooperative and unwilling to enforce the terms of the Permanent Injunction. Decl. of West ¶¶ 9-18.[2]

---

[2] Following the hearing, for instance, Plaintiffs filed a notice of supplemental evidence showing that additional domain names were also discovered as being ones controlled by Defendants and used to infringe the Permanent Injunction. [D.E. 21].

Through these actions, the Defendants have clearly demonstrated they have no intention of complying with the Court's Permanent Injunction. As such, Defendants are in civil contempt for violating the Permanent Injunction.  Most importantly, the most effective and immediate remedy for violating the injunction should be the entry of an Order requiring that the Subject Domain Names be transferred to Plaintiffs to preclude further violations of the Permanent Injunction.

## *II.  ANALYSIS*

An injunction is binding upon the parties to an action, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.  Fed. R. Civ. P. 65(d). The penalty for disobeying an injunction is civil contempt.  *E.g., Reynolds v. Roberts,* 207 F.3d 1288, 1298 (11th Cir. 2000).

Before entering a civil contempt order, notice must be provided so that the alleged contemnor has an opportunity to respond and show cause why an contempt order should not be entered.

Having undergone that process here, with no showing of any kind from Defendants, the Court may then consider whether there is sufficient evidence in the record to support a contempt order.  "A finding of civil contempt, willful disregard of the authority of the court, must be supported by clear and convincing evidence." *Riccard v. Prudential Insurance Co.,* 307 F.3d 1277, 1298 (11th Cir. 2002) (citing *Mcgregor v. Chiero,* 206 F.3d 1378, 1383 (11th Cir. 2000)). Clear and convincing evidence requires that: (1) the order that the defendant allegedly violated was valid

and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Riccard,* 307 F.3d at 1298.

In this case the record supports a finding that clear and convincing evidence exists to warrant entry of a contempt order. First, the order at issue in this motion is a permanent injunction issued pursuant to the Lanham Act, 15 U.S.S. §1116. Thus, the order is valid and lawful. Additionally, the Permanent Injunction entered by the court is clear and unambiguous. The Injunction specifically enjoins Defendants Krispin and Donani from advertising, promoting, distributing, selling or offering to sell counterfeit and infringing goods using the trademarks of Chanel and/or Louis Vuitton in connection with their illegal commerce. Finally, Defendants had the ability to comply with the Court's Permanent Injunction by simply refraining from engaging in the unauthorized advertisement, promotion, and offering for sale of merchandise using the Plaintiffs' respective trademarks. Nevertheless, the Defendants have continued to use Louis Vuitton's and Chanel's respective famous names and trademarks to divert traffic to their websites, by both displaying the trademarks directly on the websites and within the websites' hidden meta tags that drives internet traffic through internet search engines.[3]

Defendants are also in contempt of this Court's Order to Show Cause, which directed that they personally appear at the hearing and show cause why they should

---

[3] The use of another's trademarks in meta tags to promote and advertise products on the Internet constitutes a "use in commerce" under the Lanham Act. *See North American Medical Corp. v. Axiom Worldwide, Inc.,* 522 F.3d 1211, 1218-20 (11th Cir. 2008); *Southern Grouts & Mortars, Inc., v. 3M Co.,* 2008 WL 4346798, at *10 n.11 (S.D. Fla. Sept. 17, 2008).

not be held in contempt. Defendants' failure to comply with that Order independently provides the Court with a factual basis to hold Defendants in civil contempt.

As there is clear and convincing evidence in this record to find Defendants in civil contempt, the question turns to the appropriate relief necessary to enforce compliance with the Court's Permanent Injunction. Sanctions for civil contempt are designed to serve two functions: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *E.E.O.C. v. Guardian Pools, Inc.,* 828 F.2d 1507, 1515 (11th Cir. 1987) (citing *Local 28 of Sheet Metal Workers' International Assoc. v. EEOC,* 478 U.S. 421 (1986)). Courts retain wide discretion to fashion appropriate remedy for civil contempt that is designed to bring the defendant into compliance. *E.E.O.C. v. Guardian Pools, Inc.,* 828 F.2d at 1515.

Additionally, Courts have continuing jurisdiction over the modification of injunctive relief. Pursuant to its continuing jurisdiction, the court may modify an injunction "to impose more stringent requirements on the defendant when 'the original purposes of the injunction are not being fulfilled in any material respect.'" *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.,* 628 F.2d 500, 503 (5th Cir. 1980). As explained by the Supreme Court, "[t]he source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Sys. Fed'n No. 91, Ry. Employees' Dep't, AFL-CIO v. Wright,* 364 U.S. 642, 647 (1961).

Modification of an injunction is particularly appropriate where, as here, Defendants have acted to frustrate the purpose of the original injunction. For example, in *Philip Morris USA, Inc. v. Otamedia Ltd.,* 331 F. Supp. 2d 228 (S.D.N.Y. 2004), the court enjoined the defendant's unauthorized sale of Philip Morris cigarettes over the Internet, which constituted trademark infringement. Philip Morris then requested that the court modify the injunction, asking the court for the transfer to Philip Morris ownership of certain Internet domain names through which defendant continued to violate the Judgment. *Id.* at 229. The court granted the motion and modified the injunction, stating a "[c]ourt's paramount obligation must be to ensure compliance with [prior] [j]udgment[s]." *Id.* at 245. The court recognized that transfer of the domain names would be "an efficacious means to enforce the Judgment, a means inherent in the very same technology by which [defendant] has to date been able to violate it with impunity." *Id.* The court also noted that where the injunction's beneficiary seeks to enforce it more effectively, "equity countenances the modification of a injunctive decree if 'a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes.'" *Id.* at 244 (citing *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.,* 793 F.2d 1529, 1538-40 (11th Cir. 1986)).

The record here demonstrates that, despite the Court's Permanent Injunction, the Defendants' unauthorized use of the Plaintiffs' Marks and counterfeiting and infringing activities continue to this day. Defendants' conduct calls for a just remedy designed to bring the Defendants into compliance. Accordingly, Defendants' continuing non-compliance with the Permanent Injunction requires the entry of an order

transferring the ownership and operation of the Subject Domain Names, sofiasreplica.com, 7starhandbags.com, amatorywatches.com, amatory-watches.com, basicreplica.com, copyhandbags.com, doctorreplica.com, grandjewellery.com, mysilvercity.net, replicasunglasses.net, replicawatchcity.com, ereplica.net, replicadream.net, replicadepo.net, timereplica.net, marsele.com, 7star-handbags.net, replicasun.com, ereplicahandbags.net, aacollections.com and dreamjewelry.net, as well as amatory-watches.com, replicadepot.net 7star-handbags.net, replicasun.com, ereplicahandbags.net, and aacollections.com to Plaintiffs.

After granting this immediate relief, additional sanctions can be considered at a later date to ensure compliance with the Permanent Injunction. Defendants are on notice that continued non-compliance may require the entry of any additional relief necessary to enforce the Court's Orders and jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1. Plaintiff's Motion for Civil Contempt [D.E. 12] should be **GRANTED**.

2. Without prejudice to entering additional sanctions to enforce compliance with the Court's Permanent Injunction, the immediate relief that should be entered to remedy Plaintiff's non-compliance should be the entry of an Order that requires Verisign, Inc., as the Registry of the domain names sofiasreplica.com, 7starhandbags.com, amatorywatches.com, basicreplica.com, copyhandbags.com, doctorreplica.com, grandjewellery.com, mysilvercity.net, replicasunglasses.net, replicawatchcity.com, ereplica.net, replicadream.net, timereplica.net, marsele.com,

dreamjewelry.net, amatory-watches.com, replicadepot.net 7star-handbags.net, replicasun.com, ereplicahandbags.net, and aacollections.com, to change, within ten (10) days of its receipt of a copy of the Order, the Registrars of record for the individual domain names from the current registrars to eNom, Inc., 15801 NE 24th St., Bellevue, WA 98008, which subsequently shall register the domain names in the names of Plaintiffs in the manner instructed by Plaintiffs. Upon transfer of the domain names to eNom, Inc. for Plaintiffs' benefit, Plaintiffs shall become the Registrants and owners of record.

3.      Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to expedite any objections to this Report and Recommendation. Defendants have until **August 7, 2009**, to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. The failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 31st day of July, 2009.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge