**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 08-23439-CIV-MORENO/TORRES

CHANEL, INC., and
LOUIS VUITTON MALLETIER, S.A.,

Plaintiffs,

vs.

DROR KRISPIN and ANTONIO DONANI,
individually and jointly, d/b/a
SOFIASREPLICA.COM,
7STARHANDBAGS.COM, AMATORY.BIZ,
AMATORYWATCHES.COM,
BASICREPLICA.COM,
COPYHANDBAGS.COM,
DOCTORREPLICA.COM,
GRANDJEWELLERY.COM,
MYSILVERCITY.COM,
MYSILVERCITY.NET,
REPLICASUNGLASSES.NET,
REPLICAWATCHCITY.COM,
EREPLICA.NET, REPLICADREAM.NET,
TIMEREPLICA.NET, MARSELE.COM,
DREAMJEWELRY.NET, and DOES 1-10,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ADDITIONAL SANCTIONS FOR CONTEMPT**

This matter is before the Court upon Plaintiffs Chanel, Inc.'s and Louis Vuitton Malletier, S.A.'s (collectively, "Plaintiffs") Motion for Additional Sanctions for Contempt [**D.E. 29**], Defendants Dror Krispin's and Antonio Donani's (collectively,

"Defendants") Response in Opposition [D.E. 45], and Plaintiff's Reply [D.E. 49].[1] For the reasons that follow, we recommend that Plaintiffs' motion for additional sanctions be Granted and that the domain sites identified in this motion be transferred to Plaintiffs' control.

## *I. BACKGROUND*

The Permanent Injunction entered in this case on March 31, 2009 prohibited Defendants from counterfeiting or infringing any of Plaintiffs' registered trademarks ("Plaintiffs' Marks"), using Plaintiffs' Marks in commerce in connection with the sale of Defendants' goods, and committing further acts of infringement and unfair competition against Plaintiffs. [D.E. 10].

Less than a month after the Permanent Injunction was entered, Plaintiffs returned to court alleging that Defendants were continuing to advertise, offer for sale, and sell products bearing Plaintiffs' Marks on various internet websites operating under domain names that Defendants had specifically been enjoined from using for these purposes. Plaintiffs also asserted that Defendants were operating additional internet websites to advertise, offer for sale, and sell products bearing Plaintiffs' Marks. Consequently, Plaintiffs sought to hold Defendants in civil contempt for willfully violating the Permanent Injunction and refusing to cease their unlawful activities. The relief requested was that the subject domain names be transferred to Plaintiffs' control.

---

[1] The Honorable Federico A. Moreno referred this matter to the undersigned Magistrate Judge for Report and Recommendation. [D.E. 34].

Following referral of Plaintiffs' contempt motion, we issued an Order to show cause why Defendants should not be held in civil contempt for violating the Permanent Injunction and why, at a minimum, the domain names identified in the Permanent Injunction should not be transferred to Plaintiffs. [D.E. 16]. We also ordered Defendants to personally appear in court at the Show Cause hearing. [*Id.*]. Defendants neither appeared in court nor responded to the contempt motion.

On July 31, 2009, we issued a Report and Recommendation recommending that Plaintiffs' motion be granted and that Defendants be held in civil contempt for willfully violating the Permanent Injunction and refusing to cease their unlawful activities, as had been alleged by Plaintiffs. [D.E. 24]. We recommended that the ownership and operation of the various domain names identified by Plaintiffs, referred to herein as the "Contempt Domains." be transferred to Plaintiffs.

Judge Moreno adopted our Report and Recommendation, held Defendants in civil contempt, and ordered, "[w]ithout prejudice to ordering additional sanctions," that the Registry of the Contempt Domains be transferred to Plaintiffs. [D.E. 28].

## *II. PRESENT DISPUTE*

Plaintiffs now contend that Defendants are again violating the Permanent Injunction by continuing to wrongfully use Plaintiffs' Marks and continuing to advertise, offer for sale, and sell various products bearing counterfeits and infringement of Plaintiffs' Marks. They are allegedly doing so via internet websites operating under the following domain names: 7starhandbags.info, Affiliatedreams.net, Amatorystore.com, Bagstudios.com, Basicreplica.info, Basicreplica.net, Dreamjewelry.info, Dream-jewelry.net, E-replica.net, E-replica-bags.com,

Exactbags.com, Exactjewelry.com, Grandjewellery.info, Grandjewelry.net, Myjewelryplanet.com, Mysilvercity.info, Prodancers.net, Replicabagsmall.com, Replicacity.info, Replicadepot.info, Replicaline.com, Replicamegastore.net, Replicapot.com, Replicas8.net, Replicasun.info, Replicasunglasses.biz, Replicasunglassesinc.com, Replicasupport.info, Replicatouch.biz, Replicatouch.com, Replicatouch.info, Replicavalley.com, Replicavalley.info, Replicavision.com, Replicavision.info, Runwayhandbags.info, Sofia-replica.com, Sofiasreplica.info, Sunglassvip.net, Swissexpert.net, Tiffany-focus.info, Topfancybags.info, and Watchesx.com (collectively, the "New Domains").

Consequently, Plaintiffs are seeking additional contempt sanctions against Defendants. Plaintiffs specifically ask that the Court amend its prior Amended Order holding Defendants in contempt and transfer the New Domains to Plaintiffs' control, so that the associated websites can no longer be used as a means of selling counterfeit and infringing goods using Plaintiffs' Marks.

In support of their motion, Plaintiffs assert that the New Domains are connected to each other and under common control; are connected to the Contempt Domains formerly controlled by Defendants; and are operated and controlled by Defendants, their agents, and/or persons acting in concert with Defendants. This assertion is based in large part on an analysis by D. Sean West ("West"), an employee of the law firm representing Plaintiffs in this case, of the following six metrics:

1) email addresses used by Defendants in connection with the WHOIS domain registrations for the New Domains and used in connection with Defendants' internet websites operating under the New Domains;

2) Google tracking codes embedded in Defendants' internet websites operating under the New Domains;

3) common and sequential Internet Protocol addresses ("IP addresses") of the internet websites operating under the New Domains;

4) hyperlinking and redirecting between Defendants' internet websites operating under the New Domains;

5) names, physical addresses, and telephone numbers provided by Defendants on the websites and/or provided as part of the WHOIS domain name registration reports; and

6) self-identifications provided by Defendants on their internet websites.

[D.E. 29 at 7; D.E. 49 at 3-10]. West analyzed various data and concluded that the evidence conclusively demonstrates the inter-connections between Defendants, Defendants' Contempt Domains, and the New Domains. [D.E. 29-1; D.E. 36-1 through D.E. 36-5; D.E. 49-1]

Additionally, Plaintiffs presented sworn declarations (also relied on by West) from representatives of both Chanel and Louis Vuitton stating that the products advertised and offered for sale on the internet websites operating under the New Domains were non-genuine, counterfeit Chanel and Louis Vuitton products and that the use of Plaintiffs' Marks was wrongful and unauthorized. [D.E 29-2; D.E. 29-3].

Defendants offer two main points in opposition to Plaintiffs' motion. They contend that Plaintiffs have failed to establish that the owners of the New Domains "received actual notice as required under [Fed. R. Civ. P.] 65(d)(2) so as to bring them under the purview of the Permanent Injunction." [D.E. 45 at 2-3]. Defendants insist

that Plaintiffs are trying to establish that the New Domains are operated and controlled by Defendants, their agents, and/or persons acting in concert with Defendants so that the notice previously given to Defendants will suffice to warrant the imposition of sanctions and the transfer of the New Domains to Plaintiffs.

Defendants also argue that Plaintiffs have failed to establish that all of the New Domains are sufficiently connected to the Contempt Domains to warrant the transfer of the New Domains to Plaintiffs. Defendants claim that the evidence relied on by Plaintiffs, i.e., the analysis performed by West, "reveals significant speculation and self-serving conclusions which fail to support Plaintiffs' assertion to justify imposition of the requested sanctions." [*Id.* at 3]. Defendants dissect West's analysis in an effort to show a "lack of interconnection" between the New Domains, the Contempt Domains, and Defendants, their agents, and/or persons acting in concert with Defendants.

## ***III. ANALYSIS***

The Permanent Injunction issued in this case enjoins Defendants from "manufacturing, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel and Louis Vuitton Marks" and "falsely representing [themselves] as being connected with Chanel and Louis Vuitton, through sponsorship or association." [D.E. 10 at 2]. An injunction is binding upon the parties to an action, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Fed. R. Civ. P. 65(d).

We find that Plaintiffs have presented clear and convincing evidence that Defendants, their agents, and/or persons acting in concert with Defendants are

violating the terms of the Permanent Injunction. *See, e.g., Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) ("A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (same). West's analysis and conclusions (in the form of sworn declarations), the supporting exhibits, and all inferences reasonably derived therefrom, demonstrate that Defendants are involved in the operation and control of the New Domains.[2] Evidence from Plaintiffs' representatives establishes that Defendants do not have authorization to use Plaintiffs' Marks, and that those Marks are being used on websites associated with the New Domains.

Plaintiffs thus have made a *prima facie* showing that Defendants are violating the Permanent Injunction. The burden of production shifts to Defendants to show they did not violate the Permanent Injunction by showing their lack of connection to the New Domains. *See, e.g., Commodity Futures Trading Com'n*, 950 F.2d at 1529 ("Once

---

[2] Because we find that Plaintiffs have sufficiently established a connection between Defendants and the New Domains, Defendants' argument that Plaintiffs failed to demonstrate that the owners/controllers of the New Domains received actual notice of the Permanent Injunction is moot. Defendants are aware of the Permanent Injunction which, as we noted in our prior Report and Recommendation, is a valid, lawful, clear, and unambiguous Order. "A finding of civil contempt, willful disregard of the authority of the court, must be supported by clear and convincing evidence." *Riccard v. Prudential Insurance Co.,* 307 F.3d 1277, 1298 (11th Cir. 2002) (citing *Mcgregor v. Chiero,* 206 F.3d 1378, 1383 (11th Cir. 2000)). Clear and convincing evidence requires that: (1) the order that the defendant allegedly violated was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Riccard,* 307 F.3d at 1298. Plaintiffs have met their initial burden; the burden is now on Defendants, as discussed *infra*.

a *prima facie* showing of a violation [of an outstanding court order] has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply."; citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)); *Citronelle-Mobile*, 943 F.2d at 1301. To succeed on this defense, however, Defendants must do more than merely assert they did not violate the Order; they must introduce *evidence* to support their claim. *See, e.g., Rylander*, 460 U.S. at 757-58 (defendant failed to introduce evidence to support his defense to contempt allegations when all he offered was an *ex parte* affidavit and uncross-examined testimony); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986) (mere assertion of inability to comply with court order is insufficient to satisfy burden of production once plaintiff has made a *prima facie* case that defendant violated a court order); *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984) (same).

The problem with Defendants' opposition to the motion for additional contempt sanctions is they never deny that they (or their agents or persons operating in concert with them) operate and control the New Domains. Instead, they carefully skirt the issue by claiming that *Plaintiffs failed to meet their burden to produce evidence establishing this fact*. That is not the same as a denial.

Significantly, and fatally, Defendants have failed to put forth any evidence to support a claim that they do not operate or control the New Domains. They failed to introduce sworn declarations or documentary evidence or any evidence at all that might support such a defense (which they did not even raise). Defendants had an

obligation to do more to counter Plaintiffs' evidence that they have a connection to the New Domains, but they have not.

Thus, the evidence before us consists solely of the evidence Plaintiffs have presented. As such, there is no factual dispute here. The unrefuted evidence of record establishes that Defendants, their agents, and/or persons operating in concert with Defendants operate and control the New Domains and that Plaintiffs' Marks are being used on websites associated with the New Domains. We find that Defendants are in civil contempt for violating the Permanent Injunction, again.

For the reasons stated in the Report and Recommendation we issued when Plaintiffs previously moved to modify the Permanent Injunction [D.E. 24 at 8-10], the most effective and immediate remedy for violating the injunction should be the entry of an Order requiring that the New Domain names be transferred to Plaintiffs to preclude further violations of the Permanent Injunction. *See, e.g., E.E.O.C. v. Guardian Pools, Inc.,* 828 F.2d 1507, 1515 (11th Cir. 1987) (courts retain wide discretion to fashion appropriate remedy for civil contempt that is designed to bring the defendant into compliance); *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.,* 628 F.2d 500, 503 (5th Cir. 1980) (court has continuing jurisdiction to modify injunction to impose more stringent requirements on the defendant when the original purposes of the injunction are not being fulfilled in any material respect); *Philip Morris USA, Inc. v. Otamedia Ltd.,* 331 F. Supp. 2d 228 (S.D.N.Y. 2004) (modification of an injunction is particularly appropriate where the defendant has acted to frustrate the purpose of the original injunction).

As before, we recommend that after granting this immediate relief, additional sanctions can be considered at a later date to ensure compliance with the Permanent Injunction. Defendants are on notice that continued non-compliance may require the entry of any additional relief necessary to enforce the Court's Orders and jurisdiction.

## *IV. CONCLUSION*

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1. Plaintiffs' Motion for Additional Sanctions for Contempt [**D.E. 29**] should be **GRANTED**.

2. Without prejudice to entering additional sanctions to enforce compliance with the Court's Permanent Injunction, the immediate relief that should be entered to remedy Defendants' continued non-compliance should be the entry of a Second Amended Order Holding Defendants in Contempt that requires the New Domains, specifically:

> 7starhandbags.info, Affiliatedreams.net, Amatorystore.com, Bagstudios.com, Basicreplica.info, Basicreplica.net, Dreamjewelry.info, Dream-jewelry.net, E-replica.net, E-replica-bags.com, Exactbags.com, Exactjewelry.com, Grandjewellery.info, Grandjewelry.net, Myjewelryplanet.com, Mysilvercity.info, Prodancers.net, Replicabagsmall.com, Replicacity.info, Replicadepot.info, Replicaline.com, Replicamegastore.net, Replicapot.com, Replicas8.net, Replicasun.info, Replicasunglasses.biz, Replicasunglassesinc.com, Replicasupport.info, Replicatouch.biz, Replicatouch.com, Replicatouch.info, Replicavalley.com, Replicavalley.info, Replicavision.com, Replicavision.info, Runwayhandbags.info, Sofia-replica.com, Sofiasreplica.info, Sunglassvip.net, Swissexpert.net, Tiffany-focus.info, Topfancybags.info, and Watchesx.com,

to be transferred to Plaintiffs by Defendants and/or the Registrars and/or Registries;

3. Enter an Order that, in the event Defendants and/or their current

Registrars do not facilitate the transfer of the New Domains to Plaintiffs' control within ten (10) days of receipt of this Order, the Registries shall, within thirty (30) days, transfer the domain names to a United States-based Registrar of Plaintiffs' choosing, and that Registrar shall transfer the domain names to Plaintiffs' control;

4. Enter an Order that, upon Plaintiffs' request, Defendants, those acting in concert with them, and those with notice of the Permanent Injunction, including any internet search engines including Google, Yahoo!, and Bing, web hosts, domain-name registrars, and domain-name registries that are provided with notice of the Permanent Injunction, cease facilitating access to any or all websites through which Defendants engage in the sale of counterfeit and infringing goods using Plaintiffs' Marks.

5. Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. The failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 18th day of October, 2010.

/s/ *Edwin G. Torres*

EDWIN G. TORRES
United States Magistrate Judge